J-S09018-23

2023 PA Super 188

| STOP BLIGHT INC. | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCIA M. DINARDO | : | No. 251 WDA 2022 |

Appeal from the Order Entered January 12, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-21-000003

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

OPINION BY BOWES, J.: **FILED: September 29, 2023**

Stop Blight Inc. ("SBI") appeals from the January 12, 2022 order sustaining the preliminary objections of United States Financial Enterprises, LLC ("Intervenor") and dismissing SBI's conservatorship action, which had been filed pursuant to the Abandoned and Blighted Property Conservatorship Act ("the Act") regarding a property owned by Marcia M. Dinardo, located at 177 45th Street in Pittsburgh, Pennsylvania ("the property").[1] We affirm.

SBI commenced the underlying action on January 1, 2021, by filing a petition to appoint SBI as conservator over the property. The Act sets forth specific conditions that must be met before a court may appoint a conservator. *See* 68 P.S. § 1105(d). In that regard, SBI averred in its petition, among

---

[1] We note that SBI purported to appeal from the order denying its motion for reconsideration. After SBI responded to this Court's rule to show cause order as to why the appeal should not be quashed or dismissed because an appeal does not lie from an order denying reconsideration, the Prothonotary updated the case caption to reflect the proper order appealed from.

other things, that the property was not subject to a pending mortgage foreclosure action. Intervenor filed preliminary objections asking the court to dismiss the petition based upon Intervenor's pending mortgage foreclosure against the property. SBI filed preliminary objections and a response. Following oral argument,[2] the trial court agreed with Intervenor regarding the status of the foreclosure action, sustained Intervenor's preliminary objections, and dismissed SBI's petition with prejudice. The trial court thereafter denied SBI's motion to reconsider.

This timely appeal followed. Both SBI and the trial court complied with Pa.R.A.P. 1925.[3] SBI raises the following issues for our consideration:

_____

[2] We note that the certified record lacks any transcript from those proceedings.

[3] On February 14, 2022, the trial court ordered SBI to file a concise statement pursuant to Pa.R.A.P. 1925(b), to be due within twenty-one days. On February 25, 2022, Ms. Dinardo filed a suggestion of bankruptcy. On March 14, 2022, SBI filed a late Rule 1925(b) statement. In its opinion, the trial court reasoned that SBI's claims had been waived because SBI failed to timely file its statement. **See** Trial Court Opinion, 3/17/22, at unnumbered 1-2 (stating, incorrectly, that as of March 15, 2022, no concise statement had been filed). Alternatively, the court discussed the reasons its order should be affirmed.

In response to our rule to show cause order, SBI explained that it did not receive the Rule 1925(b) order. SBI further maintained that, regardless, its statement was timely as a result of the automatic stay imposed following Ms. Dinardo's initiation of bankruptcy proceedings. This Court discharged the show cause order and referred the matter to this panel.

We reject the trial court's waiver contention because the underlying order did not strictly comply with Rule 1925(b), and therefore, we deem it unenforceable. **See Commonwealth v. Jones**, 193 A.3d 957, 961 (Pa.Super. 2018) (refusing to find waiver as a result to the Commonwealth's

*(Footnote Continued Next Page)*

A. Whether the trial court incorrectly determined that the Intervenor's foreclosure case was "pending," as defined by § 1105(d)(3) of the . . . Act, despite the fact that the Intervenor had already obtained a judgment in their foreclosure case?

B. Whether the trial court incorrectly determined that the Intervenor's foreclosure case was "pending," as defined by § 1105(d)(3) of the . . . Act, despite the fact that the Intervenor had already obtained a judgment in their foreclosure case and there was no active writ of execution, nor a pending sheriff sale?

SBI's brief at 4 (cleaned up).

Although raised in the context of an order that granted preliminary objections,[4] SBI's issues, at their core, require us to interpret the language of § 1105(d)(3). Since "the construction of the language of the Act is a question of law," our standard of review is *de novo*. *Scioli Turco, Inc. v. Prioleau*,

_____

non-compliance with Rule 1925(b) "because the trial court's Rule 1925(b) order itself [wa]s deficient").

Moreover, "[t]he automatic stay [set forth in 11 U.S.C. § 362(a)(1) upon the filing of a bankruptcy petition] precludes any non-bankruptcy court, including state and federal courts, from continuing judicial proceedings pending against the debtor." *Citizens Bank of Pennsylvania v. Myers*, 872 A.2d 827, 833 (Ps.Super. 2005) (citation omitted). In determining whether an appeal "comes within the purview of the automatic stay provision of § 362 . . . the key determination is whether a proceeding was originally brought against the debtor." *Id*. (cleaned up). As the conservatorship action was originally brought against Ms. Dinardo, her bankruptcy filings automatically stayed the instant appeal. Accordingly, even if the statement had been subject to the court's ordered timeframe, it would be deemed timely.

[4] "[O]ur standard of review of an order . . . granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court." *Richmond v. McHale*, 35 A.3d 779, 783 (Pa.Super. 2012) (cleaned up).

207 A.3d 346, 350 (Pa.Super. 2019) (cleaned up).  We undertake this task pursuant to the following legal framework.  First, the Statutory Construction Act provides as follows:

> (a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.
>
> (b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.
>
> (c) When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:
>
>> (1) The occasion and necessity for the statute.
>>
>> (2) The circumstances under which it was enacted.
>>
>> (3) The mischief to be remedied.
>>
>> (4) The object to be attained.
>>
>> (5) The former law, if any, including other statutes upon the same or similar subjects.
>>
>> (6) The consequences of a particular interpretation.
>>
>> (7) The contemporaneous legislative history.
>>
>> (8) Legislative and administrative interpretations of such statute.

1 Pa.C.S. § 1921.  This Court has explained that

> [o]nly if we determine that the statutory text is ambiguous may we look to considerations beyond the text such as the mischief to be remedied by the statute or what gave rise to its enactment.  In determining whether language is clear and unambiguous, we must

- 4 -

assess it in the context of the overall statutory scheme, construing all sections with reference to each other, not simply examining language in isolation. A term is ambiguous if, when it is read in context, it has more than one reasonable interpretation.

*Scioli*, *supra* at 350-51 (cleaned up).

SBI asks this Court to interpret the meaning of "pending foreclosure action" within the Act. In that regard, we first set forth the pertinent portion of the Act:

> **(a) General rule.--**The court shall act upon a petition submitted by holding a hearing within 60 days of receipt of the petition and by rendering a decision no later than 30 days after completion of the hearing.
>
> **(b) Intervention.--**A party in interest may intervene in the proceeding and be heard with respect to the petition, the requested relief or any other matter which may come before the court in connection with the proceeding.
>
> **(c) Hearing.--**At the hearing, any party in interest shall be permitted to present evidence to support or contest the petition, including, but not limited to, the schedule of encumbrances.
>
> **(d) Conditions for conservatorship.--**If a petition is filed under section 4, the court may appoint a conservator if all of the following apply as of the date of filing:
>
> > . . . .
>
> > (3) The property is not subject to a pending foreclosure action by an individual or nongovernmental entity.
>
> > . . . .

68 P.S. § 1105 (footnote omitted).

The Act does not define the phrase "pending foreclosure action." *See* 68 P.S. § 1103. Nonetheless, our legislature has provided specific guidance for construing the words and phrases contained within a statute:

- 5 -

> (a) Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.
>
> (b) General words shall be construed to take their meanings and be restricted by preceding particular words.

1 Pa.C.S. § 1903. "Courts also must not interpret a statute in a manner that leads to an absurd result." *Scioli*, *supra* at 351 (cleaned up).

Here, the trial court concluded that the mortgage foreclosure action remained pending at the time SBI sought to be appointed conservator. In support of this finding, the trial court offered the following history, which is undisputed. Ms. Dinardo executed a mortgage on the property in 2009. Thereafter, she defaulted on the mortgage and, on June 22, 2015, Intervenor initiated the pertinent mortgage foreclosure action. A judgment was entered in favor of Intervenor on January 24, 2018. Intervenor scheduled a sheriff's sale of the property for June 1, 2020, but the sale was stayed as a result of Ms. Dinardo filing for bankruptcy in February 2020. The bankruptcy action was dismissed on December 14, 2020, and Intervenor filed a writ of execution on July 19, 2021, re-listing the property for sheriff's sale. *See* Trial Court Opinion, 3/17/22, at unnumbered 2. In the interim, SBI filed the conservatorship action.

SBI argues that for a mortgage foreclosure action to be pending, it must still be in progress. *See* SBI's brief at 14-15. Relying on the legislature's

- 6 -

amendment changing the language in § 1105(d)(3) from "existing" to "pending,"[5] SBI contends that a foreclosure action is pending within the context of the Act when it "either has not yet reached a judgment, or . . . has an active writ of execution." *Id*. at 18. Based on this interpretation of "pending," SBI maintains that the subject foreclosure action transitioned from "pending" to "completed" on January 24, 2018, when Intervenor obtained a final judgment. *Id*. at 15. While the July 2021 writ of execution may have returned the mortgage foreclosure action to pending status, SBI filed its petition for appointment of a conservator several months prior. Thus, SBI argues that the trial court erred in deeming the foreclosure action pending where, at the time SBI filed its petition, Intervenor had obtained a final judgment in the mortgage foreclosure action and there were no active writs. *See id*. at 16-19.

The trial court disagreed. The court acknowledged that the simple filing of a mortgage action does not permit the action to be "pending" indefinitely and that a mortgagor "cannot be allowed to sit on their rights forever[.]" Trial Court Opinion, 3/17/22, at unnumbered 3. However, it found that was not the situation in this case:

> The foreclosure action experienced a number of continuances and ultimately a stay after [Ms.] Dinardo filed for bankruptcy. [SBI's] argument, taken to its natural end, that the only instance where a foreclosure case is "pending" is if there is a valid writ of execution is simply inapposite to how foreclosure cases proceed

---

[5] The prior version provided as follows: "The building is not subject to an existing foreclosure action." 68 P.S. § 1105 (effective 2/24/09 to 12/22/14).

in real time. [Intervenor's] mere seven-month delay after the termination of [Ms.] Dinardo's bankruptcy in filing for a new writ is entirely reasonable and does not render this case inactive.

*Id*. at unnumbered 3-4 (cleaned up). Since the court determined that SBI would be unable to show that there was not a pending foreclosure action, it held that § 1105(d)(3) could not be satisfied. *Id*. at unnumbered 4.

We begin our *de novo* review of the trial court's ruling with the plan meaning of the words at issue. Black's Law Dictionary defines "pending" as: "Remaining undecided; awaiting decision[.]"[6] Pending, Black's Law Dictionary (11th Ed. 2019). This Court has also defined "pending" as an action that is "begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Thus, an action or suit is 'pending' from its inception until the rendition of final judgment."[7] ***Fin. Freedom, SFC v. Cooper***, 21 A.3d 1229,

---

[6] This accords with the Merriam-Webster definition. ***See*** Pending, Merriam-Webster, https://www.merriam-webster.com/dictionary/pending (adjective: "not yet decided[;] being in continuance").

[7] Similarly, the Abridged Sixth Edition of Black's Law Dictionary defines "pending" as follows:

> Begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Awaiting an occurrence or conclusion of action, period of continuance or indeterminacy. Thus, an action or suit is "pending" from its inception until the rendition of final judgment.
>
> An action is "pending" after it is commenced by either filing a complaint with the court or by the service of a summons.

Pending, Black's Law Dictionary (Abridged 6th Ed. 1998).

- 8 -

1231 (Pa.Super. 2011), *quoting* Black's Law Dictionary (5th Ed.). As for "foreclosure," Black's Law Dictionary provides the following definition: "A legal proceeding to terminate a mortgagor's interest in property, instituted by the lender (the mortgagee) either to gain title or to force a sale in order to satisfy the unpaid debt secured by the property." Foreclosure, Black's Law Dictionary (11th Ed. 2019).

In the context of mortgage foreclosures, this Court has observed that "the purpose of a judgment in mortgage foreclosure is solely to effect a judicial sale of the mortgaged property." ***New York Guardian Mortg. Corp. v. Dietzel***, 524 A.2d 951, 953 (Pa.Super. 1987) (citation omitted). Concomitantly, "[t]he purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor." ***Nationstar Mortg., LLC v. Lark***, 73 A.3d 1265, 1267 (Pa.Super. 2013) (cleaned up). Thus, both the judgment in foreclosure and the sheriff's sale to realize that judgment comprise the mortgage foreclosure action. Stated simply, until a sheriff's sale is concluded, the judgment remains unsatisfied and the action remains pending. Thus, we reject SBI's argument that a mortgage foreclosure action ends once a plaintiff obtains a judgment. ***See*** SBI's brief at 13.

SBI alternatively defines "a 'pending' foreclosure" as "one that has an active writ of execution." ***Id***. at 18. SBI argues that "[l]ike homeowners who have abandoned their properties and allowed them to become blighted, mortgage companies have a responsibility to move their cases forward to

Sheriff Sale and not allow the properties they foreclose on to sit vacant and untouched for years." *Id*. To be clear, we do not condone dilatory behavior by mortgage companies that would cause properties to become blighted due to inaction in executing their mortgage foreclosure judgments. However, we do not find that to be the case in the matter *sub judice*.

Here, Intervenor attempted to effectuate the sheriff's sale between 2018 and 2020. To wit, it filed a *praecipe* for a writ of execution approximately one week after the default judgment. Thereafter, Intervenor filed multiple *praecipes* to reissue the writ of execution between 2018 and 2020. The sheriff's sale was scheduled for March 2, 2020, and postponed twice to June 2020. However, Intervenor was prevented from holding the sheriff's sale as a result of Ms. Dinardo's bankruptcy filing. Seven months after dismissal of her bankruptcy action, Intervenor again filed a petition for writ of execution. *See* SBI's Preliminary Objections and Response to Intervenor's Preliminary Objections, 1/8/22, Exhibit 1 (court records docket for the mortgage foreclosure action). SBI filed the underlying conservatorship petition in the interim between the dismissal of the bankruptcy action and Intervenor's renewed petition for a writ of execution.

It is undisputed that Intervenor waited seven months before seeking to renew the petition for a writ of execution following the dismissal of the bankruptcy action that had forestalled the previously-scheduled sheriff's sale. Yet, SBI has not pointed us to any authority mandating how quickly a petition for a writ of execution must be renewed following a bankruptcy action being

dismissed,[8] nor have we found any precedent outlining the time frame within which a mortgage foreclosure judgment must be executed by a sheriff's sale before it is considered quiescent. Nonetheless, upon review of the record before us, we conclude that the delays occurring herein were not so egregious or unreasonable as to render the mortgage foreclosure action fatally inactive.

Based on the foregoing facts and the definition of "pending" as understood in the Act, we conclude that the mortgage foreclosure action remained pending at the time SBI filed its conservatorship action. SBI's filing during a gap in the docket between the bankruptcy dismissal and renewed efforts to effectuate the sheriff's sale did not alter the pending status of the mortgage foreclosure action. Intervenor had been actively pursuing the sheriff's sale since 2018, and at the time of the conservatorship filing, it was not yet complete. Clearly, the resolution of this property's foreclosure has not been swift or straightforward, and Intervenor has not always acted with the

_____

[8] SBI's reliance on the "Findings of Fact and Order of Court" issued on a separate docket by the Honorable Donald R. Walko, Jr., on February 14, 2020, regarding the appointment of a different conservator for the property is misplaced. *See* SBI's brief at 16-18; Petitioner's Supplement to its Response to Intervenor's Preliminary Objections, 1/11/22 (Exhibit 1, ***Erreichen, Inc. v. Dinardo***, Docket No. GD 19-005962 (Ct.Com.Pl. Feb. 14, 2020). In that case, the petition for the appointment of a conservator was filed approximately one week after Intervenor filed a praecipe to reissue the writ of execution in April 2019. As the foreclosure action was patently active at the time the conservatorship petition in that case was filed, Judge Walko dismissed the petition. This decision simply has no bearing on the instant matter as it is both non-binding and distinguishable from the facts herein. Even if it were binding, we do not read Judge Walko's decision as creating a rule that mortgage foreclosure actions are pending only when there is an active writ of execution.

utmost expediency. However, the interruptions postponing the execution of the judicial sale of the property have not solely been at the hands of Intervenor. Indeed, during the pendency of this appeal, Ms. Dinardo again filed for bankruptcy, thereby staying the matter.

Upon review of the certified record, we discern no error in the trial court's conclusion that Intervenor has not impermissibly stalled the proceedings. Our *de novo* review affirms that the undisputed facts as a matter of law indicate that the action remained pending despite the delays. Thus, we agree with the trial court's conclusion that SBI could not prove, at the time it filed the petition for appointment of a conservator, that a mortgage foreclosure action was not pending on the property. Accordingly, we affirm the order sustaining Intervenor's preliminary objections and dismissing the conservatorship action.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2023