J-S01037-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AUSTIN DOTSON | : | |
| | : | |
| Appellant | : | No. 782 WDA 2025 |

Appeal from the Judgment of Sentence Entered June 9, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-SA-0000403-2025

BEFORE:   BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.:          **FILED: February 4, 2026**

Appellant, Austin Dotson, appeals from the judgment of sentence entered in the Court of Common Pleas of Allegheny County on June 9, 2025. Upon review, we quash Appellant's appeal for the reasons set forth below.

Briefly, Appellant was charged with and found guilty of Reckless Driving.[1] He filed an appeal in the Summary Appeals Division of the Allegheny County Court of Common Pleas. After failing to appear at his June 9, 2025, trial, Appellant was found guilty and sentenced to pay a $200 fine, plus costs.

Appellant filed a timely notice of appeal on June 25, 2025. On July 23, 2025, Appellant was ordered by the trial court to file a statement pursuant to

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 75 Pa.C.S.A. § 3736(a).

Pa.R.A.P. 1925(b)[2] within twenty-one days. Appellant failed to file a concise statement. On September 16, 2025, the trial court issued a Rule 1925(a) opinion concluding that Appellant failed to preserve any issues for appellate review. This appeal follows.

Initially, we note that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. If the defects in the brief are "substantial, the appeal or other matter may be quashed or dismissed." *Id*. This Court has stated:

> [A]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. **Commonwealth v. Maris**, 629 A.2d 1014, 1017 n.1 (Pa.Super. 1993). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. **Id.** This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **Id.**, Pa.R.A.P. 2101.

**Commonwealth v. Freeland**, 106 A.3d 768, 776-77 (Pa. Super. 2014).

An appellate brief must contain the following sections:

(1) Statement of jurisdiction.
(2) Order or other determination in question.
(3) Statement of both the scope of review and the standard of review.
(4) Statement of the questions involved.
(5) Statement of the case.
(6) Summary of argument.

---

[2] The trial court's order does not comply with Pa.R.A.P. 1925(b)(3) as it does not list the courthouse address. Accordingly, we decline to find waiver on the basis that Appellant failed to comply with Pa.R.A.P. 1925(b). **See In re Nowakowski**, 315 A.3d 83 n.8 (Pa. Super. 2024); **Stop Blight Inc. v. Dinardo**, 303 A.3d 516, 518 n.3 (Pa. Super 2023).

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.
(8) Argument for appellant.
(9) A short conclusion stating the precise relief sought.
(10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule.
(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.
(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a).

Here, Appellant filed a single-page letter as his brief. The letter explains the events of February 27, 2025, the night he was stopped for Reckless Driving. He laments his failure to handle the situation properly and describes the situation as an "honest misunderstanding." Appellant's Letter at 1. He concludes the letter stating that he understands the mistakes that he has made and, because this is his first time being "involved with anything with the law," he is "trying to figure it out as I go." *Id*.

Appellant does not present any issues for appellate review, allege that the trial court erred, or set forth any argument. He failed to include any of the sections required by Rule 2111(a) in his "brief." Failing to satisfy any of the briefing requirements in our Rules of Appellate Procedure could be considered a substantial defect; failing to include *any* is fatal. Accordingly, we quash this appeal.

Appeal quashed.

- 3 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 2/4/2026