J-S03018-26

2026 PA Super 98

| LEGACY MORTGAGE ASSET TRUST 2020-RPL1 | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| v. | : | |
| | : | No. 772 MDA 2025 |
| WIRELESS EXPERIENCE OF MARYLAND INC. | : | |

Appeal from the Order Entered May 6, 2025
In the Court of Common Pleas of York County Civil Division at No(s):
2023-SU-000786

BEFORE:  DUBOW, J., BECK, J., and LANE, J.

OPINION BY BECK, J.: **FILED: MAY 13, 2026**

Legacy Mortgage Asset Trust 2020-RPL1 ("Legacy") appeals from the order entered by the York County Court of Common Pleas ("trial court") denying Legacy's exceptions to the York County Sheriff's proposed schedule of distribution following the sheriff's sale of property formerly owned by Wireless Experience of Maryland Inc. ("Wireless").  Because we conclude that the trial court abused its discretion in denying Legacy's exceptions, we vacate the trial court's order and remand this matter for further proceedings.

Wireless was the owner of real property located and 7877 Gnatstown Road, Hanover, Pennsylvania.  Legacy was the holder of the mortgage on the property.  On March 16, 2023, Legacy brought a mortgage foreclosure action against Wireless, as Wireless had not made any mortgage payments since

November 1, 2020. Legacy subsequently filed a motion for summary judgment. On September 4, 2024, the trial court granted Legacy's motion and entered judgment in Legacy's favor "in the amount of $269,502.22, plus interest from December 11, 2023, at $13.33 per diem, plus other costs and charges collectible under the mortgage, and for foreclosure and sale of the mortgaged property." Trial Court Order, 4/4/2024.

Legacy then listed the property for sheriff's sale, which was held on April 7, 2025. At the sheriff's sale, Lamplighter Homes, LCC purchased the property for $302,500.00. On April 25, 2025, the sheriff filed its proposed schedule of distribution, which stated that Legacy was to receive $271,947.01, and that $15,159.27 in "unused proceeds" was to go to Wireless. On May 2, 2026, Legacy filed exceptions to the sheriff's proposed schedule of distribution pursuant to Pennsylvania Rule of Civil Procedure 3136. Legacy claimed that following the trial court's grant of summary judgment in its favor, it had expended over $26,000.00 on the property and that it was entitled to another $6,332.90 in interest. *See* Legacy's Exceptions to Sheriff's Proposed Schedule of Distribution, 5/2/2025, ¶¶ 22-24. Legacy requested that the trial court amend the sheriff's proposed schedule of distribution to award the $15,159.27 in unused proceeds. *See id.* ¶ 29. On May 6, 2026, the trial court denied Legacy's exceptions. Legacy filed a motion for reconsideration, which the trial court also denied. Legacy timely appealed to this Court.

Legacy presents the following issues for review:

1. Whether the trial court erred as a matter of law and abused its discretion by failing to grant [Legacy]'s full requested relief where [its] exceptions to the sheriff's proposed schedule of distribution were not opposed by any interested party, and no other interested party filed a written response.

2. Whether the trial court erred as a matter of law and abused its discretion by failing to grant [Legacy]'s full requested relief where [it] submitted, without objection, documentation to support the amounts due under [Legacy]'s Mortgage and was in the process of obtaining an affidavit confirming the same.

3. Whether the trial court erred as a matter of law and abused its discretion by failing to grant [Legacy]'s full requested relief to [its] exceptions to the proposed schedule of distribution without having an evidentiary hearing.

4. Whether the trial court erred as a matter of law and abused its discretion by failing to grant [Legacy]'s full requested relief when the amounts due to [Legacy] to enforce its lien and protect its collateral are recoverable under the mortgage documents, the order granting [Legacy]'s motion for summary judgment, and Pennsylvania law, and the priority of [Legacy]'s claim relates back to the date of the mortgage subject to foreclosure. *See Extraco Mortgage v. Williams*, [] 805 A.2d 543 ([Pa. Super.] 2002).

5. Whether the trial court erred as a matter of law and abused its discretion by failing to grant [Legacy]'s full requested relief, thereby denying [its] right to recover the maximum amount of its loss and expenditures from a sale of the Property, where [Legacy] has no other remedy to obtain the funds which were listed as "unused proceeds" on the sheriff's proposed schedule of distribution. *See Landau v. Western Pa. Nat. Bank*, [] 282 A.2d 335, 340 ([Pa.] 1971).

6. Whether the trial court erred as a matter of law and abused its discretion by failing to grant [Legacy]'s full requested relief, stating that it was required to file a motion to reassess damages when there is a Pennsylvania Rule of Civil Procedure 3136 which permits [Legacy] to file exceptions to the sheriff's distribution for this exact purpose and to avoid further delays and attorney's fees in the foreclosure action.

7. Whether the trial court erred as a matter of law and abused its discretion by failing to grant [Legacy]'s exceptions providing at least minimal requested relief permitting [Legacy] to obtain interest which accrued from December 11, 2023 the date of judgment figures through August 31, 2024, the date when summary judgment was granted which would increase[] the amounts owed to [Legacy] to $3,519.12. This amount was not accounted for when the [trial court] granted [Legacy]'s motion for summary judgment.

8. Whether the trial court erred as a matter of law and abused its discretion by failing to grant [Legacy]'s full requested relief when the sheriff's website permitted [Legacy] to "total debt" bid.

9. Whether the trial court erred as a matter of law and abused its discretion by failing to grant [Legacy]'s full requested relief when the third[-]party lienholder [Wireless] failed to attend and bid their interests at the sheriff's sale.

Legacy's Brief at 1-4 (unnecessary capitalization omitted).

We begin with Legacy's second, third, and sixth issues as they are interrelated and dispositive of this appeal. Therein, Legacy asserts that the trial court wrongly concluded that filing exceptions pursuant to Rule 3136 was the improper procedural mechanism for challenging the sheriff's proposed schedule of distribution and attempting to claim funds in excess of the judgment, and that instead, Legacy was required to file a motion to reassess damages. *Id.* at 10-15, 17-19. Legacy further challenges the trial court's conclusion that even if Legacy's filing of exceptions under Rule 3136 was appropriate, it was not entitled to relief because it failed to include any evidence of its post-judgment expenses in its exceptions. *Id.* at 15. Legacy maintains that the trial court, "at minimum, should have held a hearing to

determine the evidence regarding [its] claim to additional sums. Failure to do so was an abuse of discretion and this case should be remanded." **Id.** at 13.

At the outset, we note that an order sustaining or dismissing exceptions to a sheriff's schedule of distribution "is a final order and is, therefore, appealable." **Mid-State Bank & Tr. Co. v. Globalnet Int'l, Inc.**, 710 A.2d 1187, 1190 (Pa. Super. 1998).

> Where exceptions to the distribution of proceeds of a foreclosure sale are filed, a court will hear and determine them according to law and equity. **Extraco Mortg. v. Williams**, 805 A.2d 543 (Pa. Super. 2002). Our standard of review with respect to the action of a chancellor in equity is limited. We will reverse only where the trial court was "palpably erroneous, misapplied the law or committed a manifest abuse of discretion." **Thermo–Guard Inc. v. Cochran**, 596 A.2d 188, 193 (Pa. Super. 1991). Where there are any reasonable grounds for the trial court's decision, we must affirm it. **Id.**

**State St. Bank v. Petrey**, 819 A.2d 581, 584 (Pa. Super. 2003) (footnote omitted). A trial court's failure to make findings of fact can result in remand in such cases because an appellate court cannot determine whether an abuse of discretion occurred. **See Delbaugh v. Delbaugh**, 487 A.2d 417, 419 (Pa. Super. 1985) ("We, as an appellate court, are not in a position to make findings of fact[.] Without some indication of the reasons for the award or the weight given the various pieces of evidence, we cannot determine whether the [trial] court committed an abuse of discretion.").

In denying Legacy's exceptions to the sheriff's schedule of distribution, the trial court stated the following:

It is clearly established that Rule 3136 is a mechanism for a party to establish the priority of its liens on a property which has been sold at a Sheriff's Sale. In the instant matter, there is no dispute over Legacy's priority, and it is evident that the relief they are seeking is an increase of their judgment, not an establishment of lien priority.

\* \* \*

… We start by reiterating that the rights and obligations of the mortgage were extinguished at the entry of judgment. Parties, however, are able to contract around this in order to have certain rights and obligations survive the entry of judgment. The proper proceeding to have the [c]ourt evaluate whether there is a contractual exception that would allow the addition of post-judgment expenses is in a motion to reassess damages. Legacy never filed a motion to reassess damages, and Rule 3136 is not a mechanism that can be substituted in its place after the judgment has been satisfied. We would additionally note that even if Rule 3136 was the correct avenue or if we were allowed to modify judgments after satisfaction, we would still be construed [sic] to deny the exceptions as there is not a single page of documentation in the record related to the alleged amount of post-judgment expenses. Legacy stated that they were in the process of obtaining an affidavit in relation to the post-judgment expenses. In other words, at the time of filing the exceptions, Legacy was unable to meet any of the requirements … as it relates to the rigorous documentation that is required in order to modify a judgment in a mortgage foreclosure case. …

[Legacy also argues] that we erred as a matter of law and abused our discretion by failing to grant [its] requested relief without having an evidentiary hearing. While factual disputes on a motion to reassess damages may mandate an evidentiary hearing, this is inapplicable in the present matter as Legacy never filed a motion to reassess damages. We are unaware of any authority that mandates an evidentiary hearing. We note that Rule 3136(f) provides "[t]he court shall determine the exceptions, and for this purpose **may** receive evidence by deposition or otherwise, or **may** appoint an auditor to hear the evidence and report to the court." Pa R.C.P § 3136(f) (emphasis added). We determined that there was no reason to hold an evidentiary hearing, as there is no avenue for the [c]ourt to modify a judgment after it has already been satisfied. We find … there is

no amount of evidence that could correct Legacy's error in attempting to modify their judgment via Rule 3136 and after satisfaction of the judgment instead of a motion to reassess damages. As such, this allegation is groundless.

Trial Court Opinion, 8/5/2025, at 3-6 (footnotes and some citations omitted).

We respectfully disagree with the trial court on several grounds. First, we address the trial court's conclusion that Legacy's filing of exceptions under Rule 3136 was the wrong procedural mechanism for challenging the sheriff's schedule of distribution. "In construing the Rules of Civil Procedure, our object is to 'ascertain and effectuate the intention of the Supreme Court' by giving effect to all a rule's provisions. **Mertis v. Oh**, 317 A.3d 529, 543 (Pa. 2024) (quoting Pa.R.J.A. 108(a)); **see also** Pa.R.Civ.P. 126(b) (stating that courts are to construe the Rules of Civil Procedure according to Pa.R.J.A. 104-115). "When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa.R.J.A. 108(b).

Rule 3136, titled "Distribution of Proceeds," provides as follows:

(a) Not later than thirty days after the sale of real property and not later than five days after the sale of personal property, the sheriff shall prepare a schedule of proposed distribution of the proceeds of sale which shall be filed in the prothonotary's office. No schedule of distribution or list of liens need be filed when the property is sold to the plaintiff for costs only.

(b) When a receipt of the plaintiff or other lien creditor has been accepted on account of the purchase price the schedule shall set forth the name and address of the plaintiff or lien creditor, the amount of the judgment or lien, identifying it, and the amount of credit claimed and allowed upon the purchase price.

(c) In sales of real property the sheriff shall attach to the schedule a list of liens upon the property sold as certified from the record by the proper officers or a guaranteed search from any title company authorized to do business within the county. The cost of certifying the list of liens or the title search, the acknowledgment, recording and registry of the deed and transfer or documentary stamps shall be charged as an expense of distribution.

(d) The sheriff shall distribute the proceeds of sale in accordance with the proposed schedule of distribution, unless written exceptions are filed with the sheriff not later than ten (10) days after the filing of the proposed schedule.

(e) Upon the filing of exceptions, the sheriff shall transmit them to the prothonotary together with a copy of the proposed schedule of distribution.

(f) The court shall determine the exceptions, and for this purpose may receive evidence by deposition or otherwise, or may appoint an auditor to hear the evidence and report to the court.

(g) The proceeds of sale need not be paid into court by the sheriff but upon petition of the sheriff or any party in interest, the court may order the proceeds to be paid into court to await distribution or may order the sheriff to invest the fund for distribution pending final disposition of the exceptions or an appeal therefrom.

(h) If the sheriff receives any money for costs or in connection with a stay, adjournment or postponement of sale or otherwise, the sheriff shall account for it on returning the writ.

Pa.R.A.P. 3136.

The trial court is correct that this Court stated, albeit in an unpublished memorandum decision, that "Rule 3136 provides the exclusive method by which a court determines lien priority." ***River Station X, LLC v. River Station Land, LP***, 204 EDA 2017, 213 EDA 2017, 262 EDA 2017, 2017 WL 4675814, at *5 (Pa. Super. 2017) (non-precedential decision); ***see also*** Trial

Court Opinion, 8/5/2025, at 3. There is nothing in the language of Rule 3136, however, stating that determining lien priority is the sole purpose of Rule 3136. *See* Pa.R.A.P. 3136; *see also* Trial Court Opinion, 8/5/2025, at 3 n.5. Rather, Rule 3136 merely states that "[t]he sheriff shall distribute the proceeds of sale in accordance with the proposed schedule of distribution, unless written exceptions are filed with the sheriff not later than ten (10) days after the filing of the proposed schedule" and that "[t]he court shall determine the exceptions, and for this purpose may receive evidence by deposition or otherwise, or may appoint an auditor to hear the evidence and report to the court." Pa.R.A.P. 3136(d), (f). There is nothing in these subsections of Rule 3136, or any other provision in the rule, that limits exceptions to disputes over lien priority. *See* Pa.R.A.P. 3136. Additionally, this Court has expressly stated that "the Rules of Civil Procedure provide for an exceptions process, … requiring a court to review a challenge to a sheriff's proposed distributions." *Extraco Mortg. v. Williams*, 805 A.2d 543, 546 (Pa. Super. 2002). We therefore conclude that the trial court erred in determining that disputing lien priority is the sole purpose of Rule 3136 and that filing exceptions was not an appropriate procedural mechanism for Legacy to claim that it was entitled to funds greater than the amount allotted to it in the sheriff's proposed schedule of distribution.

The trial court also frames Legacy's filing of exceptions as an attempt to amend a judgment that has already been satisfied. *See* Trial Court Opinion,

8/5/2025, at 3. As the trial court correctly recognized, this Court has stated that a "trial court enjoys the inherent power to amend a judgment until the judgment is discharged or satisfied." ***EMC Mortg., LLC v. Biddle***, 114 A.3d 1057, 1064 (Pa. Super. 2015). This Court has further stated that "until a sheriff's sale is concluded, the judgment" in a mortgage foreclosure action "remains unsatisfied and the action remains pending." ***Stop Blight Inc. v. Dinardo***, 303 A.3d 516, 522 (Pa. Super. 2023). Rule 3136 expressly provides a mechanism for challenging the sheriff's proposed distribution following the sale, providing ten days for a party to file exceptions thereto. Pa.R.Civ.P. 3136(d). If a party has filed exceptions to the proposed schedule of distribution, the sheriff cannot distribute the proceeds of sheriff's sale. ***See id.*** Generally, a judgment is not satisfied in this context until "a creditor has received full payment for the underlying debt obligation." ***Metro Real Est. Investment, LLC v. Siaway***, 247 A.3d 424, 430 (Pa. Super. 2021).

Because Legacy filed exceptions to the sheriff's proposed schedule of distribution, the sheriff could not distribute the proceeds of the sheriff's sale. ***See*** Pa.R.Civ.P. 3136(d). Thus, the trial court's determination that the judgment in this case was satisfied was incorrect.

Rule 3136 provided a mechanism for Legacy to challenge the proposed schedule of distribution following the sheriff's sale. ***See id.*** The filing of exceptions precluded the sheriff's from distributing the proceeds of the sheriff's sale, preventing satisfaction of Legacy's judgment. ***See Siaway***, 247

- 10 -

A.3d at 430. We therefore conclude that the trial court abused its discretion in denying Legacy's exceptions based on its determination that Legacy should have filed a motion to reassess damages.

Lastly, we address the trial court's conclusion that even if the filing of exceptions under Rule 3136 was an appropriate procedural mechanism for challenging the sheriff's proposed schedule of distribution, Legacy failed to provide any evidence of its post-judgment expenses. The record reflects that the sheriff filed its proposed schedule of distribution on April 25, 2025. Thus, per Rule 3136, Legacy had ten days, or until May 5, 2025, to file exceptions. *See* Pa.R.Civ.P. 3136(d). Legacy filed its exceptions on May 2, 2025, claiming that since the entry of judgment, it had expended over $26,000.00 on the property and that it was entitled to another $6,332.90 in interest. *See* Legacy's Exceptions to Sheriff's Proposed Schedule of Distribution, 5/2/2025, ¶¶ 22-24. Legacy further indicated that it was "in the process of obtaining an affidavit confirming the amount of the debt" still owed to it in excess of the judgment. *Id.* ¶ 11. The trial court, however, denied Legacy's exceptions four days later, on May 6, 2025. While Rule 3136 does not **require** a trial court to hold a hearing following the filing of exceptions, *see* Pa.R.Civ.P. 3136(f), the ten days in which Legacy had to file its exceptions provided it little time to gather evidence of funds to which it asserted entitlement post-judgment. This is particularly true in light of the short turnaround for the trial

court's decision denying Legacy's request for relief—prior to Wireless even having the opportunity to file a response to Legacy's exceptions.

The primary basis for the trial court's denial of Legacy's exceptions was its conclusion that filing exceptions was the wrong procedural mechanism under the circumstances of the case. As this Court has stated, where a party is seeking funds in excess of the judgment following a sheriff's sale, that party is "obliged to justify the legitimacy of its claimed distributions." **Extraco**, 805 A.2d at 546. The trial court in this case denied Legacy the opportunity to fulfill that obligation.

In so doing, the trial court denied Legacy the opportunity to present evidence supporting its claim to the additional funds, leaving us with no findings of fact that we can review to determine whether the trial court should have granted Legacy the additional claimed funds. **See Delbaugh**, 487 A.2d at 419. For example, the trial court order granting judgment in favor of Legacy stated that it was entitled to $269,502.22 plus a daily interest accrual, in addition to "other costs and charges collectible under the mortgage." Trial Court Order, 4/4/2024. Because of the manner in which the trial court denied Legacy's exceptions, however, we have no basis to discern how much, if any, interest Legacy may be owed or if there are any costs and charges under the mortgage to which Legacy may be entitled; the trial court never conducted this analysis.

Accordingly, based on the foregoing, we conclude that the trial court abused its discretion in denying Legacy's exceptions. We therefore vacate the trial court's order denying Legacy's exceptions. On remand, the trial court shall afford Legacy the opportunity to provide evidence in support of its claim to the unused excess distribution.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/13/2026