2024 PA Super 225

| | | |
|---|---|---|
| JASON ZAPPACOSTA AND JOY GODOWSKI | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| COZETTE MCAVOY AND GENTIAN CAPITAL, LLC, GREGORY DAMIS AND FOX AND ROACH, LP, MICHAEL COHEN AND CC PHILLY REAL ESTATE REALTY, LLC, MONTEVISTA, LLC, TIAGO D. PATRICIO, AND DANIELLE MILLS | : | No. 1779 EDA 2023 |
| | : | |
| APPEAL OF: COZETTE MCAVOY AND GENTIAN CAPITAL, LLC | : | |

Appeal from the Order Entered June 21, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 200600518

BEFORE: PANELLA, P.J.E., BECK, J., and COLINS, J.*

OPINION BY COLINS, J.: **FILED SEPTEMBER 27, 2024**

Appellants, Cozette McAvoy (McAvoy) and Gentian Capital, LLC (Gentian) (collectively, Appellants), appeal from the order of the Court of Common Pleas of Philadelphia County denying their post-trial motion to strike or open a default judgment that the court entered against them when they failed to appear for trial. For the reasons set forth below, we vacate the order denying Appellants' motion to strike the default judgment and remand this case for a new trial on liability.

_____

* Retired Senior Judge assigned to the Superior Court.

This action arose out a 2018 sale of a house in Philadelphia, Pennsylvania to Jason Zappacosta and Joy Godowski (Plaintiffs) by Gentian, a limited liability company of which McAvoy is the sole member, for $489,900. On June 9, 2020, Plaintiffs filed a complaint against Appellants and various real estate agents and agencies involved in the sale, alleging that the house had serious defects that were not disclosed in the sale. In this complaint, Plaintiffs asserted claims against Appellants for breach of contract, breach of warranty, violation of the Pennsylvania Real Estate Seller Disclosure Law, 68 Pa.C.S. § 7303, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, conspiracy, and violation of the Pennsylvania Unfair Trade Practice and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1, *et seq.*

Appellants filed preliminary objections to Plaintiffs' complaint, which the trial court overruled, but never filed an answer to the complaint. McAvoy, however, appeared for deposition and was questioned at length on October 26, 2021, and filed a motion for summary judgment in December 2021, in which she asserted that she was not liable to Plaintiffs because the owner and seller of the property was Gentian and Plaintiffs had failed to show grounds for piercing the corporate veil. The trial court denied McAvoy's summary judgment motion on February 1, 2022. After the case was scheduled for an August 2022 trial, Plaintiffs and defendants, including Appellants, agreed to a settlement of all claims. Trial Worksheet, 8/30/22. Although the other

defendants complied with their obligations under the settlement, Appellants did not.

On October 24, 2022, Plaintiffs filed a motion to vacate the settlement as to Appellants and list the case against them for trial. On November 4, 2022, Appellants' trial counsel moved to withdraw on the ground that Appellants had failed to pay for his legal services. Appellants filed an answer opposing Plaintiffs' motion to vacate the settlement through attorney Justin L. Krik, who had previously entered his appearance to represent them, but did not file any opposition to trial counsel's motion to withdraw.

On February 6, 2023, the trial court entered an order granting Plaintiffs' motion to vacate the settlement as to Appellants on the grounds that "all parties agree that there was not a meeting of the minds as to the terms of this settlement." Trial Court Order, 2/6/23. On March 9, 2023, the trial court scheduled a jury trial of Plaintiffs' claims against Appellants to commence with jury selection on June 2, 2023. Pretrial Order Date Certain Assignment. By order entered March 10, 2023, the court also granted Appellants' trial counsel's motion to withdraw. Trial Court Order, 3/10/23. In the order allowing trial counsel to withdraw, the trial court specifically noted:

> This Matter is scheduled to go to trial on June 6, 2023, with Jury Selection to take place on June 2, 2023. Defendant Gentian Capital, LLC, is required to be represented by an attorney pursuant to the Pennsylvania Rules of Civil Procedure.

*Id.*

- 3 -

No new trial counsel entered an appearance on behalf of McAvoy or Gentian before the scheduled trial. On May 31, 2023, two days before the date for jury selection, Appellants, through attorney Krik, filed a motion for extraordinary relief stating that attorney Krik was not trial counsel and that his representation was limited to acting as "general counsel" and was "administrative in nature only" and seeking a 90-day postponement of the trial for new counsel to be able to represent them at trial. Motion for Extraordinary Relief ¶¶2, 5, 6. In this motion, Appellants identified new trial counsel that they stated that they had obtained but asserted that he could not represent them without a postponement "due to [his] existing trial calendar and to provide [him] with the opportunity to be prepared for trial." *Id.* ¶¶8, 9 & attached McAvoy Affidavit. Plaintiffs opposed this request to a continuance, and the trial court denied the motion for extraordinary relief on June 1, 2023.

On June 2, 2023, Plaintiffs appeared ready and prepared for jury selection and trial, but McAvoy did not appear. N.T., 6/2/23, at 6-7, 9. Attorney Krik appeared, but stated that he was present only to protect Appellants' interest and was not retained to represent them at trial. *Id.* at 4. Although Attorney Krik stated he was willing to represent them for jury selection and that McAvoy had told him that there was an attorney who would be available at trial on June 5, 2023, he could not identify who that attorney was. *Id.* at 5-6. Plaintiffs moved for a default judgment against Appellants,

and the trial court orally granted Plaintiff's motion based on their failure to appear for trial. *Id.* at 9-12. Plaintiffs agreed to a bench trial on assessment of damages, and the trial court directed Plaintiffs' counsel to contact its chambers to schedule the assessment of damages hearing. *Id.* at 11-12.

An assessment of damages hearing was held on June 6, 2023, at which a construction expert witness and Plaintiff Zappacosta testified concerning the problems with the house, the amounts that Plaintiffs had paid to fix the problems, and the estimated further costs of fixing the problems. N.T., 6/2/23, at 12-78. On June 9, 2023, the trial court entered the default judgment. Trial Worksheet, 6/9/23. On June 12, 2023, the trial court entered an order assessing damages against Appellants jointly and severally in the total amount of $1,124,957.43, consisting of actual damages of $527,009.17, doubled to $1,054,018.34, plus attorney fees and costs of $70.939.09. Trial Court Order, 6/12/23.

On June 13, 2023, Appellants, represented by the new trial counsel that they had identified in their motion for extraordinary relief, filed a post-trial motion in which they sought to strike or open the default judgment. Post-Trial Motion at 1, 3. In this motion, Appellants asserted that they were entitled to relief on the ground that there was not a valid basis for entry of a default judgment and because the denial of their motion for extraordinary relief was improper. *Id.* at 2-3. On June 21, 2023, the trial court entered an order denying this post-trial motion. Trial Court Order, 6/21/23.

Appellants timely appealed that order to this Court on July 3, 2023.[1] They raise the following issues in this appeal: (1) whether the trial court erred in denying the motion for extraordinary relief; (2) whether the entry of a default judgment for failure to appear for trial was improper; and (3) whether the damages that the trial court assessed were excessive. Appellants' Brief at 5-6. We conclude that the first of these issues lacks merit, but that the second issue is meritorious and requires that the judgment be vacated. In light of our ruling on the second issue, the third issue is moot.[2]

---

[1] Although an order denying a post-trial motion is not a final order, **Johnston the Florist, Inc. v. TEDCO Construction Corp.**, 657 A.2d 511, 514-15 (Pa. Super. 1995) (*en banc*), we have jurisdiction over this appeal regardless of whether a final judgment has been entered. Rule 311 of the Rules of Appellate Procedure provides that "[a]n order refusing to open, vacate, or strike off a judgment" is an interlocutory order that is appealable as of right. Pa.R.A.P. 311(a)(1). The June 21, 2023 order denied Appellants' motion to strike or open the default judgment entered against them and therefore is appealable under Rule 311(a)(1). **Digital Communications Warehouse, Inc. v. Allen Investments, LLC**, 223 A.3d 278, 282-84 (Pa. Super. 2019); **ANS Associates, Inc., v. Gotham Insurance Co.**, 42 A.3d 1074, 1075 n.1 (Pa. Super. 2012).

[2] Plaintiffs argue that this appeal should be dismissed because Appellants did not timely file their appellate brief. We may dismiss an appeal where the appellant fails to timely file her brief but are not required to do so where the late filing does not impede our review. **Clark v. Peugh**, 257 A.3d 1260, 1264-65 n.1 (Pa. Super. 2021); **Warner v. University of Pennsylvania Health System**, 874 A.2d 644, 646 (Pa. Super. 2005). While we do not condone Appellants' untimeliness, our review has not been impeded. Moreover, dismissal for delay in filing their brief would be particularly inappropriate here because Appellants in fact filed briefing that addressed key legal issues in this appeal prior to the deadline for their brief in response to a rule to show cause order issued by this Court. We, accordingly, deny Plaintiffs' request that we dismiss the appeal.

Our review of the first issue is limited to determining whether the trial court abused its discretion in denying the motion for extraordinary relief. Appellants' motion for extraordinary relief sought a 90-day continuance of the trial. A trial court is vested with broad discretion in determining whether a request for a continuance should be granted, and an appellate court should not disturb its decision unless an abuse of that discretion is shown. *Corrado v. Thomas Jefferson University Hospital*, 790 A.2d 1022, 1035 (Pa. Super. 2001); *Baysmore v. Brownstein*, 771 A.2d 54, 57 (Pa. Super. 2001).

The trial court did not abuse that discretion here. Rule 216(c) of the Rules of Civil Procedure provides in relevant part:

> No application for a continuance shall be granted if based on a cause existing and known at the time of publication or prior call of the trial list unless the same is presented to the court at a time fixed by the court, which shall be at least one week before the first day of the trial period.

Pa.R.Civ.P. 216(c). The sole ground for the continuance was Appellants' recent retention of trial counsel. This was not a sudden development. Appellants knew since early March 2023, over two and one-half months before trial, that they had no trial counsel, that Gentian was required to be represented by counsel, and that trial would begin on June 2, 2023. Appellants, however, did not seek a continuance until two days before trial, even though they necessarily knew more than a week before trial that they needed a continuance, either because they did not yet have any trial counsel or, if they had retained the counsel that they identified in their motion,

because that counsel needed the continuance due to his schedule and need for trial preparation. Appellants' delay in seeking the continuance until the last minute was a sufficient ground by itself for the denial of their motion. ***Geiger v. Rouse***, 715 A.2d 454, 457 (Pa. Super. 1998) (continuance was properly denied even if defendants' schedule conflicts were meritorious grounds for continuance where defendants knew of conflicts at time that trial was scheduled and failed to move for continuance at that time); ***Birdsall v. Carbon County Board of Assessment***, 649 A.2d 740, 744 (Pa. Cmwlth. 1994) (continuance was properly denied as untimely where party knew of reason for continuance approximately two weeks before trial and did not promptly move for continuance).

In addition, denial of a continuance is not an abuse of discretion where the requesting party has not shown that it exercised due diligence with respect to the reason for which the continuance was sought. ***Carey v. Philadelphia Transportation Co.***, 237 A.2d 233, 235 (Pa. 1968) (no abuse of discretion in denying continuance sought due to witness unavailability where party did not show that it exercised diligence to obtain the witness's attendance); ***Feingold v. Southeastern Pennsylvania Transportation Authority***, 488 A.2d 284, 287 (Pa. Super. 1985) (continuance sought based on newly disclosed information was properly denied where party had not diligently sought discovery of that information), ***affirmed***, 517 A.2d 1270 (Pa. 1986); ***Whitacker-Reid v. Pottsgrove School District***, 160 A.3d 905, 913-14 (Pa.

Cmwlth. 2017) (holding that "[t]he refusal to grant a continuance is not an abuse of discretion where it is apparent that the requesting party has not exercised due diligence related to the reason for the continuance request" and that denial of continuance of argument based on recent hiring of counsel was not abuse of discretion where party had notice of argument date for four months). Appellants knew almost four months before trial that the case was going to be listed for trial and that their trial counsel had filed motion to withdraw that they did not oppose. Appellants also knew for over two and one-half months that they needed new trial counsel who would be ready to try the case on June 2, 2023. Appellants, however, did not make any showing in their motion that they diligently and promptly sought new trial counsel despite this ample notice of the need to do so. Appellants did not set forth anywhere in their motion the dates of their efforts to retain new trial counsel from which the trial court could determine that they had acted diligently and that they were in fact unable to retain counsel in time for the June 2, 2023 trial despite diligent efforts to do so. The trial court's denial of the motion for extraordinary relief was therefore also well within its discretion because Appellants failed to show that that they lacked counsel prepared to try the case because of inability to obtain counsel, rather than delay in attempting to obtain counsel.

With respect to the second issue, Appellants moved both to open and to strike the default judgment. A petition to open a default judgment is an appeal

to the equitable powers of the trial court, and our review is limited to determining whether the trial court abused its discretion. ***Digital Communications Warehouse, Inc. v. Allen Investments, LLC***, 223 A.3d 278, 285 (Pa. Super. 2019); ***Smith v. Morrell Beer Distributors, Inc.***, 29 A.3d 23, 25 (Pa. Super. 2011). In contrast, a petition to strike challenges defects that affect the validity of the judgment that appear on the face of the record. ***Digital Communications Warehouse, Inc.***, 223 A.3d at 284; ***ANS Associates, Inc., v. Gotham Insurance Co.***, 42 A.3d 1074, 1076 (Pa. Super. 2012). The trial court's grant or denial of a petition to strike a default judgment is subject to our plenary and *de novo* review. ***Digital Communications Warehouse, Inc.***, 223 A.3d at 285; ***Oswald v. WB Public Square Associates, LLC***, 80 A.3d 790, 793-94 (Pa. Super. 2013). Because we conclude that the trial court erred in denying Appellant's motion to strike the default judgment, we address only that issue.

The trial court granted Plaintiffs' motion for a default judgment and entered a default judgment against Appellants on the ground that Appellants failed to appear for trial. N.T., 6/2/23, at 9-12; Trial Worksheet, 6/9/23. The trial court's conclusion that Appellants failed to appear without satisfactory excuse is supported by the record. N.T., 6/2/23, at 4-9. The Rules of Civil Procedure do not, however, authorize entry of a default judgment against a defendant for failure to appear for trial. Rule 218 provides that "[a] party who fails to appear for trial shall be deemed to be not ready without satisfactory

excuse" and prescribes the actions that a trial court make take when a party fails to appear for trial:

> (a) Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion.
>
> (b) **If without satisfactory excuse a defendant is not ready, the plaintiff may**
>
> **(1) proceed to trial, or,**
>
> **(2) if the case called for trial is an appeal from compulsory arbitration, either proceed to trial or request the court to dismiss the appeal and reinstate the arbitration award.**

Pa.R.Civ.P. 218(a)-(c) (emphasis added). Rule 218 does not permit a trial court to enter judgment against a defendant for failure to appear without requiring the plaintiff to prove his case. *Kalantary v. Mention*, 756 A.2d 671, 673-74 (Pa. Super. 2000); *Commonwealth v. 1992 Chevrolet*, 844 A.2d 583, 585-86 (Pa. Cmwlth. 2004).

Plaintiffs argue that the entry of a default judgment was nonetheless permissible because Appellants had failed to answer the complaint and violated multiple court orders. These arguments are without merit. The record is clear that the default judgment was not entered based on failure to answer the complaint or on a history of repeated violations of court orders throughout the case. Plaintiff moved for a default judgment based solely on Appellants' "failure to be present," "failure to proceed to trial," "failure to file a pretrial," and "failure to take any steps necessary to defend themselves in this case at trial," and made no assertion to the trial court that Appellants had

- 11 -

not answered the complaint or that default was warranted based on violation of any court order other than failure to make required filings for trial. N.T., 6/2/23, at 9. Indeed, Plaintiffs have represented to this Court that Appellants' failure to file an answer to the complaint "was not the basis for default" and that "the default was not related to the failure to file an answer." Plaintiffs' Response to Rule to Show Cause at 5 & n.4, 11-12, 15.

Moreover, the record shows that the trial court entered the default judgment based solely on Appellants' failure to appear for trial and not for repeated noncompliance with court orders. The trial court did not, either when it granted the default judgment or in its order entering the judgment, mention failure to answer the complaint, failure to make required pretrial filings, or violation of any court order by Appellants other than the direction in the March 10 order that Gentian have counsel by the time of the June 2, 2023 trial. N.T., 6/2/23, at 6, 9-12; Trial Worksheet, 6/9/23 (stating as reason for default judgment "Defendants did not show and failed to appear with trial counsel entry of appearance as Order previously").

None of the cases on which Plaintiffs rely provide any basis to hold that a court may grant a default judgment against a defendant for failure to appear for trial and noncompliance with a court order to have counsel for trial. In ***First Union Mortgage Corp. v. Frempong***, 744 A.2d 327 (Pa. Super. 1999), the default judgment was entered after the defendant had failed to appear at both a mandatory settlement conference and trial, had previously admitted

the facts on which the plaintiff's claim was based, and had engaged in over five years of egregious delaying tactics, and the defendant failed to file a timely motion to strike or open the default judgment. *Id.* at 329-33, 335. Moreover, any suggestion that *First Union Mortgage Corp. v. Frempong* permits entry of a default judgment against a defendant for the mere failure to appear at trial has been subsequently rejected by this Court. *Kalantary*, 756 A.2d 675-76. In *Bolano v. Superior Splicing, LLC*, 2009 WL 2199337 (C.P. Phila. June 30, 2009), *affirmed without op.*, 15 A.3d 528 (Pa. Super. 2010), the court did not enter a judgment in favor of the plaintiffs without proof of their claims; rather, it allowed the plaintiffs "to proceed with their case" and found in their favor after a bench trial in accordance with Rule 218.

*In re Estate of Hare*, No. 370 MDA 2012, 2013 WL 11280807 (Pa. Super. February 19, 2013), as an unpublished decision of this Court prior to May 2, 2019, cannot be relied upon, even for its persuasive value. Pa.R.A.P. 126(b); 210 Pa. Code § 65.37(B); *Wenk v. State Farm Fire & Casualty Co.*, 228 A.3d 540, 552 n.11 (Pa. Super. 2020). In any event, even if we could consider *Estate of Hare*, it would not be persuasive because the Court did not address Rule 218 and the default judgment there was entered against a person challenging a decedent's will, who bore the burden of proof, not against a defendant.

The trial court's default judgment against Appellant therefore exceeded its authority under Rule 218. Because the trial court lacked authority to enter

a default judgment for Appellants' failure to appear for trial, the default judgment should have been stricken. Accordingly, we must vacate the trial court's order denying Appellants' motion to strike the default judgment and remand for trial. On remand, this new trial must include a trial of Appellants' liability to Plaintiffs, as Plaintiffs never proved their liability case against Appellants because liability was resolved by the erroneous default judgment. Plaintiffs did try their damages claims at the June 6, 2023 damages hearing, and the trial of that claim in Appellants' absence was permissible under Rule 218, which provides that where the defendant fails to appear, the plaintiff may "proceed to trial." Pa.R.Civ.P. 218(b)(1). No trial of damages is therefore required on remand, unless Plaintiffs choose to introduce additional evidence or choose to proceed by jury trial. The finder of fact at the retrial, however, will have to make a new damages award if it finds in Plaintiffs' favor on liability based on its determinations of the causes of action as to which it finds in Plaintiffs' favor against each of the defendants.

Appellants argue in their remaining third issue that the damages awarded by the trial court were excessive. As discussed above, we are vacating the default judgment on which these damages were awarded, and,

consequently, there is no judgment for Plaintiffs for these damages. Appellants' challenge to the damages award is therefore moot.[3]

For the foregoing reasons, we vacate the trial court's order denying Appellant's motion to strike the default judgment that it entered against them and remand this case with instructions to grant the motion to strike the default judgment and to hold a trial on the issue of Appellants' liability to Plaintiffs.

Order vacated. Case remanded for further proceedings in accordance with this Opinion. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/27/2024

---

[3] We note that if this issue were not moot, it would have been waived. Appellants did not make any claim of error concerning the amount of the damages award in their post-trial motion. Although they raised this issue in their Pa.R.A.P. 1925(b) statement, raising an issue for the first time in a Rule 1925 statement does not satisfy the requirement of Pa.R.A.P. 302(a) that a party must raise all issues in the court of common pleas. *Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009); *Commonwealth v. Rodriguez*, 174 A.3d 1130, 1145-46 nn.6 & 8 (Pa. Super. 2017); *Estate of O'Connell v. Progressive Insurance Co.*, 79 A.3d 1134, 1140 (Pa. Super. 2013).