J-S44027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| HILLEL SPERLIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DYHEIM WATSON | : | |
| | : | |
| Appellant | : | No. 2104 EDA 2025 |

Appeal from the Order Entered August 5, 2025
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2025-000315

BEFORE:  LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

JUDGMENT ORDER BY DUBOW, J.:               **FILED APRIL 16 2026**

Appellant, Dyheim Watson, appeals from the Delaware County Court of Common Pleas order dated August 5, 2025, denying Appellant's motion to vacate judgment by default and his emergency petition to stay eviction.  After careful consideration, we affirm.

In this landlord-tenant dispute, Appellee Hillel Sperlin leased to Appellant a residential property in Collingdale, Pennsylvania ("the Property").  Appellant failed to pay the rent and, following proceedings in Magisterial District Court, Appellee filed a complaint in the Delaware County Court of Common Pleas asserting that Appellant breached the lease by subletting the Property without Appellee's consent and non-payment of rent.  Appellee attached a certificate of service utilizing the address of the Property, which Appellant had indicated as his address.  When Appellant did not respond,

Appellee praeciped for entry of default judgment on April 1, 2025. On April 2, 2025, the court also granted Appellee's motion to release escrowed funds.[1]

On April 8, 2025, Appellant filed *pro se* a motion to vacate default judgment, claiming lack of notice. Appellant's motion listed an address in Parkside, Pennsylvania, rather than the Property's address. The court scheduled a hearing for August 1, 2025.

When Appellant ceased making escrow payments, Appellee praeciped to terminate supersedeas and "took steps to evict" Appellant. Trial Ct. Op., 8/5/25, at 4. On June 27, 2025, a few days prior to the scheduled eviction, Appellant filed *pro se* an Emergency Petition to Stay Eviction, which the court granted and set a hearing date of July 8, 2025. On July 7, 2025, Appellant requested, and the court granted, a continuance. The court rescheduled the hearing on the Emergency Petition to be heard jointly with the motion to vacate the default judgment on August 1, 2025.

During the late afternoon of July 31, 2025, Appellant emailed the court requesting to continue the next day's hearing, baldly claiming that he had received information that day that he was required to be in Philadelphia Court of Common Pleas on a criminal matter at the same time as the hearing in the instant case. The court's staff advised Appellant "that the materials he

---

[1] Following the Magisterial District Court's decision in favor of Appellee, Appellant made escrow payments, which "operated as a supersedeas during the pendency" of his appeal to the Court of Common Pleas. Trial Ct. Op., 8/5/25, at 2. From January to April 2025, Appellant made escrow payments.

presented did not provide a basis to grant his last minute, *ex-parte* continuance request." Trial Ct. Op. at 2.

Following the August 1, 2025 hearing at which Appellant did not appear, the court denied Appellant's motion to vacate the judgment and his emergency petition to stay eviction. Order, dated 8/5/2025. The court found that there was "no basis in law or fact" to stay eviction, as Appellant had not paid rent to Appellee or made escrow payments since April. ***Id.*** at 4. Addressing Appellant's motion to vacate, the court noted that Appellant did not clarify whether he sought to open or to strike the judgment. Trial Ct. Op. at 4. The court opined that Appellant failed to satisfy either standard. ***Id.*** at 5-6. In so doing, the court rejected Appellant's claim of improper service based upon an incorrect address, emphasizing that Appellant had consistently utilized the Property's address in the earlier proceedings.

Appellant filed a timely notice of appeal. Without requesting a Pa.R.A.P. 1925(b) statement, the trial court relied upon the reasons for its decision as stated in its August 5, 2025 order. Trial Ct. Letter, dated 8/8/25.

Appellant presents the following issues on appeal:

1. Did the trial court err or abuse its discretion by dismissing Appellant's landlord-tenant claims when Appellant's absence was caused by his compelled appearance in another matter in the Philadelphia Court of Common Pleas, of which he was notified only the day prior?

2. Did the trial court's refusal to hear Appellant's landlord-tenant claims improperly deprive Appellant of due process and his right to a meaningful opportunity to be heard on claims involving habitability issues and monetary damages?

- 3 -

Appellant's Br. at 2 (unpaginated).

"A trial court is vested with broad discretion in determining whether a request for a continuance should be granted, and an appellate court should not disturb its decision unless an abuse of that discretion is shown." ***Zappacosta v. McAvoy***, 325 A.3d 782, 786 (Pa. Super. 2024).

Appellant has not demonstrated that the trial court abused its discretion in refusing to continue the August 1, 2025 hearing. Rather, Appellant merely argues that the trial court should have continued the hearing based on his allegation of a mandatory appearance at an unnamed Philadelphia criminal proceeding, claiming that the court's refusal "deprived him of a meaningful chance to litigate his landlord-tenant claims." ***Id.*** at 4, 5. In addition to his bald factual assertions, Appellant fails to provide necessary discussion and citation of pertinent authorities in support of his claims. ***See*** Pa.R.A.P. 2101 (providing for dismissal where defects in an appellant's brief are substantial); 2119 (requiring "discussion and citation of authorities"). Accordingly, we reject Appellant's claims as unsupported. Moreover, Appellant does not counter the trial court's clear reasoning for denying his "motion to vacate," and his emergency motion to stay eviction. As Appellant's claims warrant no relief, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/16/2026