J-A04005-26

2026 PA Super 76

| C.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KURT RILLEMA | : | |
| | : | |
| Appellant | : | No. 952 MDA 2025 |

Appeal from the Order Entered June 10, 2025
In the Court of Common Pleas of Centre County
Civil Division at No(s): 2023-1167

BEFORE: PANELLA, P.J.E., KING, J., and LANE, J.

OPINION BY PANELLA, P.J.E.: **FILED: APRIL 20, 2026**

Kurt Rillema appeals from the order entered in the Court of Common Pleas of Centre County denying his motion to strike the default judgment entered against him on November 18, 2024. After careful consideration, we affirm.

On May 25, 2025, C.M. initiated the underlying civil action by filing a complaint against Rillema in which she raised claims of false imprisonment, assault and battery, and intentional inflection of emotional distress. Counsel for Rillema accepted service of C.M.'s complaint on June 8, 2023.[1] On October 5, 2023, C.M. provided Rillema and his counsel with a notice of intention to file a *praecipe* to enter default judgment. On January 22, 2024, C.M. filed a

---

[1] Accordingly, Rillema was required to file a responsive pleading by June 28, 2023. **See** Pa.R.C.P. 1026(a) ("every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading").

*praecipe*, and that same date, the prothonotary entered default judgment against Rillema ("First Default Judgment") "in the amount of $50,000 together with punitive damages, the costs of suit, and any other relief the court deems just and reasonable for failure to file an answer." Judgment, 1/22/24 (unnecessary capitalization omitted).

On January 23, 2024, Rillema notified the court that involuntary bankruptcy proceedings[2] had been initiated against him in the United States Bankruptcy Court for the Northern District of Ohio, Toledo Division on July 31, 2023, and consequently, all actions against him were subject to an automatic stay, pursuant to 11 U.S.C. § 362. On February 21, 2024, Rillema filed a motion to strike the default judgment entered against him, arguing that, due to the automatic stay, C.M.'s notice for entry of default judgment was a legal nullity and consequently, the subsequent entry of the First Default Judgment was erroneous. The court held a hearing on Rillema's motion to strike on April 23, 2024. That same date, the court entered an order granting Rillema's motion to strike and vacating the First Default Judgment. The court's April 23, 2024 order also required Rillema to provide notice of the conclusion of the bankruptcy proceedings to both the court and C.M. within five days. On October 3, 2024, the involuntary bankruptcy proceedings against Rillema were dismissed with prejudice. However, Rillema failed to provide either the court

---

[2] **See** 11 U.S.C. § 303.

or C.M. with the required notice. On October 29, 2024, counsel for Rillema provided the court and C.M. with a copy of the bankruptcy judgment and order.

On November 12, 2024, C.M. filed a motion to enter default judgment against Rillema for failing to inform the court or C.M. of the bankruptcy matter's conclusion within the required five days and for failing to file a responsive pleading to C.M.'s complaint. **See** Plaintiff's Motion to Enter Default Judgment, 11/12/24, at ¶¶ 5, 6. On November 18, 2024, the court entered default judgment against Rillema ("Second Default Judgment"). On November 26, 2024, Rillema filed an answer and new matter to C.M.'s complaint, and C.M. filed a reply to new matter on December 18, 2024. On February 27, 2025, C.M. filed a motion requesting an assessment of damages by a jury. On February 28, 2025, Rillema filed an answer to C.M.'s motion to assess damages as well as the instant motion to strike the Second Default Judgment. In his motion to strike, Rillema claimed, *inter alia*, that the court erroneously entered default judgment where C.M.'s motion failed to comply with the notice requirements set forth in Pa.R.C.P. 237.1. Rillema subsequently filed a reply in further support of his motion to strike in which he claimed that the court's entry of default judgment pursuant to Rule 1037(c) was inappropriate where a defect exists on the face of the record and where default judgment was entered as an excessive sanction for Rillema's failure to comply with the court's April 23, 2024 order. The court held a hearing on Rillema's motion to

strike on May 15, 2025. On June 10, 2025, the court entered an order and opinion denying Rillema's motion to strike, explaining as follows:

> [The] court properly entered default judgment against [Rillema] (for a second time) in accordance with its equitable powers under Rule 1037(c), after [Rillema] failed to comply with [the] court's order requiring [him] to notify the court of the conclusion of [his] bankruptcy matter. Thereafter, [Rillema] failed to promptly file a petition challenging the default judgment, waiting over three months to do so. [Rillema] has failed to raise a meritorious defense to the default judgment, and [his] failure to timely inform [the] court of the conclusion of the bankruptcy matter and [his] failure to timely challenge the default judgment cannot be excused on the grounds raised.

Trial Court Order and Opinion, 6/10/25, at 5-6 (unnecessary capitalization omitted). Rillema timely filed a notice of appeal and a court-ordered concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). On August 7, 2025, the trial court filed its opinion, pursuant to Pa.R.A.P. 1925(a), in which it largely relies upon the reasoning set forth in its June 10, 2025 order and opinion.

On appeal, Rillema presents the following questions for our review:

1. Did Rillema timely file a motion to challenge the Second Default Judgment, have a meritorious defense, and a reasonable explanation for not answering, all of which warranted opening the Second Default Judgment?

2. Are there defects on the face of the record that affect the validity of the Second Default Judgment and warranted striking it?

3. Was the Second Default Judgment an excessive sanction for untimely compliance with a trial court order that ultimately should have been stricken and/or opened?

- 4 -

4.     Does the parties' conduct following entry of the Second Default Judgment operate as estoppel that required striking the Second Default Judgment?

Appellant's Brief, at 5 (issues reordered for ease of disposition; trial court answers and suggested answers omitted).

Rillema challenges the trial court's denial of his motion to strike the Second Default Judgment entered against him on November 18, 2024. A petition to strike a default judgment "challenges defects that affect the validity of the judgment that appear on the face of the record." *Zappacosta v. McAvoy*, 325 A.3d 782, 788 (Pa. Super. 2024) (citations omitted). "The standard for 'defects' asks whether the procedures mandated by law for the taking of default judgments have been followed." *Penn National Mutual Casualty Ins. Co. v. Phillips*, 276 A.3d 268, 274 (Pa. Super. 2022) (citation omitted). Because a petition to strike a default judgment presents a question of law, our standard of review is *de novo*, and our scope of review is plenary. *See Zappacosta*, 325 A.3d at 788.

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. ... When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a default judgment, a court may only look at what was in the record when the judgment was entered.

***Grady v. Nelson***, 286 A.3d 259, 264 (Pa. Super. 2022) (brackets and citation omitted).

Despite it being uncontested that Rillema filed, and the court denied, his motion to strike the Second Default Judgment, in his first issue, Rillema raises a series of arguments relating to the trial court's alleged abuse of discretion in failing to open the Second Default Judgment. ***See*** Appellant's Brief, at 22-28.

We begin by noting that in its order and opinion denying Rillema's motion to strike, the trial court acknowledges that, in his motion, Rillema claimed the Second Default Judgment "failed to comport with the Pennsylvania Rules of Civil Procedure and, accordingly, should be stricken." Order and Opinion, 6/10/25, at 2. However, the trial court then proceeded to analyze Rillema's motion to strike as a petition to open default judgment without explanation. ***See id.*** at 3-6. We are constrained to conclude this was unnecessary  and erroneous because "[a] petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable." ***Green Acres Rehabilitation and Nursing Center v. Sullivan***, 113 A.3d 1261, 1270 (Pa. Super. 2015) (citation omitted).

> It is well settled that a petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal. An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law,

or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will.

To succeed on a petition to open a default judgment, a moving party must show: (1) the petition to open or strike was promptly filed; (2) the default can be reasonably explained or excused; and (3) there is a meritorious defense to the underlying claim. [Because] a petition to open a default judgment is an appeal to the equitable powers of the court, where the equities warrant opening a default judgment, this Court will not hesitate to find an abuse of discretion. Further, the party petitioning to open a judgment bears the burden of establishing such relief.

*Jacks Auto Parts Sales, Inc. v. MJ Auto Body and Repair*, 305 A.3d 162, 166-67 (Pa. Super. 2023) (citations omitted). "[T]he trial court cannot open a default judgment based on the equities of the case when the defendant has failed to establish all three of the required criteria." *Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 176 (Pa. Super. 2009) (internal quotation marks and citation omitted). Where a party argues facts outside the record to support his petition and addresses the three factors that would support opening the default judgment, this Court has determined that the "trial court properly considered the filing as a petition to open the default judgment[,]" as opposed to a petition to strike. *Jacks Auto Parts Sales*, 305 A.3d at 167 n.2.

Rillema filed a motion to strike the Second Default Judgment in which he alleged that C.M.'s motion for default judgment contained various procedural defects that affected the validity of the judgment. Although Rillema's motion to strike and subsequent reply in further support of his motion to strike argue facts that were outside the record at the time default judgment was entered, *see* Motion to Strike Default Judgment, 2/28/25, at

¶¶ 44-55; Reply in Further Support of Motion to Strike, 3/4/25, at ¶ 21, these filings do not present an adequate substantive argument to support opening the default judgment that would, in turn, warrant converting this filing to a petition to open. **Compare Jacks Auto Parts Sales**, 305 A.3d at 167 n.2. Specifically, Rillema failed to provide any discussion of or argument to support a finding that "(1) the petition to open or strike was promptly filed; (2) the default [could] be reasonably explained or excused; and (3) there [was] a meritorious defense to the underlying claim." **Id.** at 166-67 (citation omitted); **see** N.T. Motion to Strike Default Judgment, 5/15/25, at 3-14. Moreover, in each filing and at the hearing, Rillema's sole request for relief was to have the default judgment stricken, with no suggestion that he was seeking, in the alternative, to have the default judgment opened. **See** Motion to Strike Default Judgment, 2/28/25, at ¶¶ 34, 41, 51; Reply in Further Support of Motion to Strike, 3/4/25, at ¶¶ 7, 23, 29, 30; N.T. Motion to Strike Default Judgment, 5/15/25, at 3, 4, 6, 11. Thus, to the extent that the trial court analyzed Rillema's filing as a petition to open the default judgment, doing so was mistaken.

Moreover, in any event, Rillema's first issue would not warrant relief. Following the entry of the Second Default Judgment, Rillema filed a motion to strike. The substance of this motion, his reply in further support of his motion to strike, and the argument he presented at the hearing on his motion to strike did not contain arguments or contentions that the motion met the criteria for

opening the judgment. Therefore, not only did it not warrant converting his filing to a petition to open the default judgment, any attempt on appeal to frame his argument in equitable terms and offer a discussion of the factors pertaining to a petition to open is disingenuous and waived. **See** Appellant's Reply Brief, at 6-11; **see also Kennedy v. Crothall Healthcare, Inc.**, 321 A.3d 1065, 1072 (Pa. Super. 2026) (waiving argument raised for first time on appeal); Pa.R.A.P. 302(a). Accordingly, we decline to address Rillema's arguments concerning the trial court's alleged abuse of discretion in failing to open the default judgment. As such, his first issue does not merit relief.

Because Rillema's second and third issues are related, we address them in tandem. Rillema claims that the trial court erred in failing to strike the Second Default Judgment because a defect appears on the face of the record. Specifically, Rillema contends that a defect exists where the court entered default judgment without giving him "notice and an opportunity to respond" to C.M.'s motion for default judgment. Appellant's Brief, at 18. Rillema further claims that the trial court's entry of default judgment was an excessive, inequitable sanction in response to his failure to comply with the court's April 23, 2024 order that required him to inform both the court and C.M. of the bankruptcy matter's conclusion. **See** Appellant's Brief, at 19. Rillema is due no relief.

In her motion, C.M. stated two bases for entering default judgment against Rillema: (1) his failure to comply with the court's April 23, 2024 order

and (2) his failure to respond to the complaint. **See** Plaintiff's Motion to Enter Default Judgment, 11/12/24, at ¶¶ 5, 6. The trial court explained that it entered the Second Default Judgment, pursuant to Rule 1037(c), based on Rillema's failure to comply with the court's order. **See** Trial Court Order and Opinion, 6/10/25, at 4, 5-6. However, in our review of the pertinent procedural history, we are constrained to conclude that the trial court's entry of default judgment on this basis was erroneous.

On July 31, 2023, the underlying civil proceedings were automatically stayed, pursuant to section 362(a),[3] when the involuntary bankruptcy proceedings against Rillema were initiated. This automatic stay "preclude[d] any non-bankruptcy court, including state and federal courts, from continuing judicial proceedings pending against [Rillema]." **Stop Blight Inc. v. Dinardo**, 303 A.3d 516, 518 n.3 (Pa. Super. 2023) (brackets and citation omitted). Because this automatic stay remained in place, the trial court's entry of the

---

[3] Section 362 of the Bankruptcy Code provides, in pertinent part:

> (a) … a petition filed under section 301, 302, or 303 of this title… operates as a stay, applicable to all entities, of—

> (1) the commencement or continuation… of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. § 362(a)(1).

First Default Judgment against Rillema on January 22, 2024 for failure to file a responsive pleading was void on its face for lack of jurisdiction. ***See 1650 East 47th***, 331 A.3d at 68; ***Chaplinski v. Churchill Coal Co.***, 503 A.2d 1, 3 (Pa. Super. 1985) ("[A]ny action[s] taken by a non-bankruptcy forum in violation of the automatic stay ... are legal nullities and have no force or effect.") (citation omitted). The automatic stay similarly constrained Rillema's filing of a petition to strike the First Default Judgment and the trial court's authority to consider and hold a hearing on it, as this constituted a continuation of judicial proceedings against Rillema, which was prohibited by section 362(a)(1). Likewise, the court's April 23, 2024 order, which granted Rillema's motion to strike, vacated the First Default Judgment, and required him to notify the court and C.M. of the bankruptcy matter's conclusion, further constituted a continuation of judicial proceedings and was void for lack of jurisdiction. ***See Chaplinski***, 503 A.2d at 3. In sum, any judicial action taken by the court between July 31, 2023, when the automatic stay took effect, and October 3, 2024, when the bankruptcy matter concluded and the automatic stay was lifted, was void for lack of jurisdiction. Accordingly, it was improper for the court to enter the Second Default Judgment against Rillema as a sanction for failure to comply with a void, unenforceable order.

However, while the trial court relied on an improper basis in entering the Second Default Judgment for Rillema's violation of the void order, this does not end our inquiry because C.M. also filed the motion for default

judgment on the basis of Rillema's failure to respond to the complaint, and our review of the record does not reveal any substantial defects, appearing on the face of the record, that affect the validity of the Second Default Judgment entered against Rillema on November 18, 2024 where he defaulted. **See Zappacosta**, 325 A.3d at 788.[4]

On November 18, 2024, the trial court entered the Second Default Judgment against Rillema pursuant to Rule 1037(c). In his motion to strike and in his appellate brief, Rillema erroneously centers his argument on alleged defects in notice. **See** Appellant's Brief, at 20-21. While the Pennsylvania Rules of Civil Procedure permit the prothonotary to enter default judgment against a defendant pursuant to Rule 237.1, on *praecipe* of the plaintiff, which imposes strict, nonwaivable notice requirements upon a plaintiff, Rule 237.1 explicitly excludes default judgments entered by court order pursuant to Rule 1037(c) from the notice requirements. **See** Pa.R.C.P. 237.1(a)(2)-(4), (b)(1).

Moreover, Rule 1037(c), itself, imposes no notice or hearing requirement before the court enters the default judgment. **See** Pa.R.A.P. 1037(c) ("In all cases, the court, on motion of a party, may enter an appropriate judgment against a party upon default or admission."). Rillema has failed to cite to any legal authority to support the proposition that the trial

---

[4] "It is a well-settled doctrine in this Commonwealth that a trial court can be affirmed on any valid basis appearing of record." **Pierce v. FloatMe Corp.**, 348 A.3d 1077, 1087 n.7 (Pa. Super. 2025) (brackets and citation omitted).

court was required to provide him with notice or an opportunity to respond to C.M.'s motion prior to entering the Second Default Judgment under Rule 1037(c), and we are unaware of any such requirement. ***See*** Pa.R.A.P. 2119(a) (requiring the argument section of an appellant's brief to provide discussion of and citation to pertinent legal authorities).

The trial court entered the Second Default Judgment against Rillema on November 18, 2024, approximately one month after receiving notice that the automatic stay had been lifted on October 3, 2024. This entry of default judgment was proper because Rillema failed to timely file a responsive pleading to C.M.'s complaint by June 28, 2023, in accordance with Rule 1026(a). Critically, the time for Rillema to file a responsive pleading had already expired over a month before the automatic stay took effect on July 31, 2023. Thus, contrary to Rillema's suggestion, the automatic stay in no way afforded him additional time to file a responsive pleading. ***See*** Appellant's Reply Brief, at 9. Therefore, because there is no fatal defect on face of the record, the trial court properly denied Rillema's motion to strike. Accordingly, Rillema's second and third issues do not entitle him to relief.

In his fourth issue, Rillema claims that C.M. is estopped from relying on the Second Default Judgment because the parties proceeded as if the judgment did not exist. Specifically, Rillema alleges that estoppel is appropriate where, after the Second Default Judgment was entered and

Rillema filed an answer and new matter, C.M. subsequently filed a reply to his answer and new matter. **See** Appellant's Brief, at 28-29. We disagree.

As previously noted, "[w]hen deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a default judgment," our scope of review is limited to "what was in the record when the judgment was entered." **Grady**, 286 A.3d at 264 (citation omitted). Thus, for purposes of our review, the parties' conduct following entry of the default judgment is irrelevant, and Rillema's equitable estoppel claim likewise fails.

Based on the foregoing, Rillema is not entitled to his requested relief. Accordingly, we affirm the order denying his motion to strike.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/20/2026