J-S13013-26

J-S13014-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CYNTHIA ADDENBROOK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GORMLEY CONSTRUCTION, INC. | : | |
| | : | |
| Appellant | : | No. 991 EDA 2025 |

Appeal from the Order Entered March 13, 2025
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 241202489

| | | |
|---|---|---|
| KATHERINE RAMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GORMLEY CONSTRUCTION, INC. | : | |
| | : | |
| Appellant | : | No. 992 EDA 2025 |

Appeal from the Order Entered March 13, 2025
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 241202697

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED JUNE 9, 2026**

J-S13013-26

J-S14014-26

Gormley Construction, Inc. ("Gormley") appeals from the orders[1] of the Philadelphia County Court of Common Pleas ("trial court") denying its petitions to open default judgment entered by the Philadelphia Municipal Court after Gormley failed to appear for trial. After careful review, we affirm.

We note, it is not clear from the record certified on appeal exactly what transpired in the Municipal Court, as Gormley has not provided us with the dockets or any of its own filings from the Municipal Court proceedings underlying this matter. *See Mazzarese v. Mazzarese*, 319 A.3d 586, 596 (Pa. Super. 2024) (reiterating it is an appellant's burden "to ensure that the certified record contains all documents necessary" for this Court to conduct its review) (citations omitted); Pa.R.A.P. 1931, Cmt. ("Appellant has the responsibility to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal.") (citation omitted).

However, to protect Gormley's appeal rights, we conducted an informal search of the Municipal Court's public online system which corroborates the

_____

[1] As stated by the trial court, "[t]he two actions captioned above are companion cases. They were filed the same day in Small Claims Court; they asserted similar claims against the same defendant[, Gormley]; [Gormley] was represented by the same attorney; the Municipal Court scheduled the hearings on the claims the same day at the same time in the same hearing room; the Municipal Court entered a default judgment against [Gormley] in both cases for failure to appear; and the [trial court] affirmed the default judgment on appeal in both cases …." Trial Court Opinion, 10/22/25, at 1. For those reasons, we have consolidated cases for purposes of review.

- 2 -

trial court's recitation of the procedural history of these cases. **See** Docket Sheet, SC-24-06-12-4282; **see also** Docket Sheet, SC-24-06-12-4278; **Solomon v. U.S. Healthcare System of PA, Inc.**, 797 A.2d 346, 352 (Pa. Super. 2002) (acknowledging a court make take judicial notice of public docket sheets); Pa.R.E. 201(b)(2) (permitting courts to take judicial notice of facts deriving from sources whose accuracy cannot reasonably be questioned).

Again, generally, it is an appellant's responsibility to ensure the record certified on appeal is complete. **See Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006). However, as the trial court's recitation can be corroborated, we accept the trial court's summary of the history of these cases as accurate for purposes of review.

On June 12, 2024, Cynthia Addenbrook and Katherine Raman each filed a statement of claims in the Municipal Court against Gormley for allegedly defective masonry work. They claimed damages totaling $4,610.21 and $11,088.29 respectively.

The Municipal Court initially scheduled a hearing on September 3, 2024. Counsel for Gormley thereafter entered his appearance on August 30, 2024, and requested a continuance of the September 3, 2024 hearing. The Municipal Court granted the request and continued the hearing to November 5, 2024, at 9:15 a.m. in Room 2.

J-S13013-26
J-S14014-26

On November 5, 2024, after a hearing, the Municipal Court entered "Judgment for Plaintiff by Default" against Gormley under both dockets, in the amount of $4,610.21 and $ 11,088.29 respectively.

On November 20, 2024, Gormley filed a petition to open judgment in the Municipal Court under both dockets. Gormley's counsel acknowledged he had missed the 10-day deadline for an automatic opening of the judgment under Pa.R.Civ.P. 237.3(b)(2). He asserted, however, that the Municipal Court should open the judgment because (1) Gormley met the three criteria required for a successful petition to open judgment, and (2) entry of default judgment was procedurally improper under Pa.R.Civ.P. 218. The next day, the Municipal Court denied the petition on the ground that Gormley's reason for missing the hearing was not sufficient. Specifically, the Municipal Court found that Gormley had requested a continuance of the hearing, which was granted, and then failed to attend the hearing on the new date.

On December 20, 2024, Gormley appealed to the trial court from the Municipal Court's orders denying the petition to open the default judgment. In its notice of appeal, Gormley again asserted that it met the three prongs of the equitable analysis to open a judgment, and separately that the designation as a "default judgment" was procedurally improper under Rule 218. In a memorandum of law, Gormley argued:

> In the instant case, applying Rule 218, as [Gormley] failed to appear at trial, Plaintiff was required to proceed to trial in [Gormley]'s absence. At trial, in order to sustain her burden of proof, Plaintiff would have been required to present sufficient

- 4 -

> evidence to establish her claim against [Gormley]. There is no Pa Rule that circumvents Rule 218, that would have permitted the entry of a "default" [j]udgment instead of a trial on the merits.
>
> **Although it is unknown as of this writing, whether Plaintiff produced evidence at a trial on the merits**, the judgment entered includes a monetary award against [Gormley], and would have required the submission of evidence to determine the money judgment.
>
> If in fact Plaintiff submitted evidence to the [Municipal] Court, the [j]udgment should not have been designated as a "default" judgment, but a judgment on the merits after trial.
>
> Although it may be the practice in Municipal Court to provide judgments "by default" for failure of a party to appear at trial, there is no rule that permits a default judgment at time of trial. Instead the applicable rule 218 only allows for the plaintiff to present evidence at trial.
>
> A default judgment is limited to a parties [(sic)] failure to answer pleadings and is governed by Rule 1037. Since [Gormley] was not required to file a written response to Plaintiff's complaint, Rule 1037 is inapplicable and this matter is controlled by Rule 218.

Memorandum of Law in Support of Appeal of Municipal Court Order, 12/20/24, at 1-2 (paginated for clarity) (emphasis added).

On March 12, 2025, the trial court denied relief, finding the Municipal Court had not abused its discretion in denying the petitions to open default judgment. This timely appeal followed.

Preliminarily, we note that although Gormley's underlying petition was labeled as a petition to "open" judgment, the substance of the petition implicates aspects of both a petition to strike a default judgment and a petition to open a default judgment.

"A petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable." ***Roy by and through Roy v. Rue***, 273 A.3d 1174, 1186 (Pa. Super. 2022).

> [A] petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. The standard for 'defects' asks whether the procedures mandated by law for the taking of default judgments have been followed. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio*.

***Id.*** at 1182 (citations, brackets, and some quotation marks omitted). Importantly, "[a] petition to strike does not involve the discretion of the [trial] court." ***Oswald v. WB Public Square Associates, LLC***, 80 A.3d 790, 794 (Pa. Super. 2013) (citations omitted).

"Unlike a petition to strike a judgment, a petition to open a judgment is an appeal to the equitable powers of the court." ***Id.*** at 1186 (citation and internal quotation marks omitted).

> The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law....An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.
>
> Generally speaking, [under Pennsylvania law,] a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint.

*Id.* at 1186-87 (citations, quotation marks, and footnote omitted).

Notably, Gormley has not raised any equitable analysis on appeal. Accordingly, it has waived any such argument. **See In re W.H.**, 25 A.3d 330, 339 n.3 (Pa. Super. 2011) (It is well settled that, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

However, as Gormley's argument in the courts below raised an issue that is properly framed as a petition to strike, we address the related issue raised on appeal.[2]

_____

[2] Notably, the Philadelphia County Local Rules of Civil Procedure and Philadelphia Municipal Court Rules of Civil Procedure do not provide for the filing of a petition to strike a default judgment in the Philadelphia Municipal Court and only mention the petitions to open default judgments. **See, e.g.,** Phila. Civ. R. *1001(a)(3) (referring to appeals to the Court of Common Pleas from Municipal Court orders denying a petition to open a default judgment).

Further, we have previously held that the issue of whether a default judgment was void can be raised at any time. **See Mother's Restaurant Inc. v. Krystkiewicz**, 861 A.2d 327, 337 (Pa. Super. 2004) (*en banc*) (explaining that, generally, pursuant to Rule 302(a), this Court "may not address any issues which an appellant has failed to raise in the trial court[,]" but with respect to a default judgment, "[t]he courts of this Commonwealth have long held that an individual may seek to strike a void judgment at any time" (citations omitted)); **see also Green Acres Rehab. and Nursing Ctr. v. Sullivan**, 113 A.3d 1261, 1268 (Pa. Super. 2015) (stating "it is never too late to attack a judgment or decree for want of jurisdiction, as any such judgment or decree rendered by a court which lacks jurisdiction of the subject matter or the person is null and void, and can be attacked by the parties at any time" (citations omitted)). Accordingly, we find our review is proper.

Gormley raises the following single issue on appeal:

> Whether the [trial court] improperly affirmed the Municipal Court[]'s denial of [Gormley]'s petition to open default judgment by order of March 12, 2025, when the Municipal Court committed an error of law in entering a default judgment against Gormley by order of November [20], 2024?

Appellant's Brief, at 4 (unnecessary capitalization omitted).

Gormley requests that this Court reverse the trial court's order and remand for the trial court to direct the Municipal Court to vacate the judgment.

Specifically, Gormley argues:

> The Municipal Court committed an error of law when it entered default judgment in favor of Appellee[s] and against [Gormley] when [Gormley] failed to appear at the scheduled Municipal Court trial. Pa.R. Civ. P. 218 only permits courts to proceed to trial when a party is not ready. Rule 218 (b)(1) does not permit courts to enter a default judgment as a sanction. Courts must instead proceed to trial, take evidence, and make a finding on whether plaintiff has established her claim. ***Zappacosta v. McAvoy***, [] 325 A. 3d 782, 789 (Pa. Super. []2024). (Trial Court lacked authority to enter default judgment for appellant's failure to appear for trial).

Appellant's Brief, at 7-8.

Here, the Municipal Court entered a judgment "by default" against Gormley after Gormley failed to appear for trial. Gormley argues, and the trial court agrees, that our Rules of Civil Procedure do not authorize entry of a default judgment against a defendant for failure to appear for trial.

Rule 218 prescribes the actions that a trial court may take when a party is not ready when a case is called for trial:

(a) Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion.

(b) If without satisfactory excuse a defendant is not ready, the plaintiff may

(1) proceed to trial, or,

(2) if the case called for trial is an appeal from compulsory arbitration, either proceed to trial or request the court to dismiss the appeal and reinstate the arbitration award.

…

(c) A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

Pa.R.Civ.P. 218(a)-(c).

Both Gormley and the trial court rely on **Zappacosta** for the pronouncement that "Rule 218 does not permit a trial court to enter judgment against a defendant for failure to appear without requiring the plaintiff to prove his case." **Zappacosta**, 325 A.3d at 788 (citations omitted). Notably, **Zappacosta** did not involve review of the actions of the Municipal Court, as we and the trial court have been tasked to do here. Rather, Rule 218 was applied to review the trial court's grant of default judgment.

Pertinently, Philadelphia Municipal Court Rule of Civil Procedure 120, which governs trials and the entry of default judgments in municipal court, states, in relevant part: "If the claimant appears [for trial] and defendant does not, and damages are proven in accordance with Rule 121, judgment by default shall be entered for claimant, provided service was made at least seven

(7) days prior to trial, otherwise, the claim shall be continued to a date certain." Phila. M.C.R. Civ.P. No. 120(b).

Here, it is undisputed that the claimants, Addenbrook and Raman, appeared for trial, and that Gormley, the defendant, did not. Further, Gormley does not argue that it did not have proper notice of the hearing; its counsel merely contends that he was unexpectantly not able to make it to the hearing on time.[3] Accordingly, the only factor in dispute is whether damages were proven in accordance with Rule 121, which permits a party to "offer in evidence without further proof … [an] affidavit of repair, estimate of value, bills for damage to, cost of repair or loss of property." *Id.* at 121(b)(3).

The instant Municipal Court docket shows that Addenbrook submitted financial source documents, including bank statements and checks or the equivalent to the court. *See* Docket Sheet, SC-24-06-12-4282.

_____

[3] Gormley's counsel argued below that, on the day of the scheduled hearing, he first went to Common Pleas court for what was expected to be a brief status conference before walking to the Municipal Court. However, counsel was unable to leave Common Pleas court, due to the arrival of parties, and interpreter and sheriff availability. Defense counsel averred he was unable to notify the Municipal Court of this sudden delay or to request a continuance.

However, this case was scheduled for a 9:15 a.m. hearing. While counsel argues the delay was not "foreseeable," we are confused how counsel expected to make it to a 9:15 a.m. hearing by scheduling anything before that time, especially when the status conference was not even in the same building. Nevertheless, as Gormley has not preserved their equitable analysis argument on appeal, we do not fully reach this matter.

Similarly, the Municipal Court docket shows that Raman submitted her payments to Gormley, a masonry inspection report, and Gormley's signed contract. *See* Docket Sheet, SC-24-06-12-4278. Raman confirms that she "provided robust evidence that was available for the court to review on November 5, 2024. Raman's Brief, at 3; *see also id.* at 3-4 ("[Raman] appeared in court and provided evidence for the Court to review on November 5, 2024.").

In its petitions to open judgment, Gormley conceded that it did not know whether Addenbrook or Raman produced evidence at trial on the merits. As it is clear from a review of the record that they did produce evidence that was available for the Municipal Court to consider, the Municipal Court did not err in entering a judgment by default, pursuant to Municipal Court Rule 120. Accordingly, we affirm the trial court's orders denying Gormley's appeal of the Municipal Court orders.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/9/2026

- 11 -